The Fourth District Appeal the Court of the State of Illinois has reconvened. The Honorable Tom Sandefur is presiding. Thank you. Please be seated. The next case this afternoon is case number 4-25-0232, N. Ray, the Adoption of G.T. To begin with, we'd like appearances. First for the appellant. Attorney Tyler Phillips here for Mr. Erickson. All right. Thank you. And for the appellate? Chris here for the appellate. Thank you. Mr. Phillips, you may proceed with your argument. Thank you, Your Honor. May it please the Court, opposing counsel. Your Honor, we're here today on the single issue regarding whether or not the trial judge committed reversible error with respect to an order that was entered on the grounds of res judicata, which granted a motion to dismiss my client's petition to vacate an order of adoption pursuant to Section 1401. The factual basis relevant to today's proceedings, the appellant and appellee were in a relationship, were not married, and gave birth. Ms. Million gave birth to a minor child, Gia Terstaghi, on September 24th of 2017. Following the birth of the child and even prior to the birth of the child, there was communications and correspondence between Ms. Million and my client, indicating and alleging that he was the father of this child. After the birth, the parties engaged in a relationship for a period of time. During that period of time, my client purported himself and carried on as the father of this child for a period of time. Subsequently to the parties separating, my client was charged in Adams County with a criminal offense, a multiple count indictment, and at that point, Ms. Million did not allow Mr. Urban to continue with the relationship with this minor child. A jury trial was had. The findings on that were not guilty on all counts. And after that finding of not guilty, the continued refusal to allow my client to have and foster a relationship with his child continued. With respect to the cleanings that bring us here today, my client had petitioned the family court in Adams County, Illinois, and requested to have a parent-child relationship established in 2024. After that petition was filed, there was a motion to dismiss that was filed by Ms. Million through her attorney, saying that that cause of action was barred due to a prior order of adoption that was entered in 2023 at the adoption court in Adams County, Illinois. It was at that time that my client became aware that there was a petition for adoption. That was the first time he had become aware of that situation. Subsequent to that motion to dismiss, there was a hearing regarding that motion in which the family court entered an order dismissing the petition for a parent-child relationship in the family court on the grounds that it was barred by this adoption order. Do you disagree with that? Do you disagree that that would be a collateral attack on the adoption order? I believe, based on the facts that were presented at that time, that the family court did make a proper ruling. If there is that order for adoption, we would be barred from proceeding on to establish any sort of parental rights. We would concede that fact. However, after that was discovered, my client took the initiative to file a petition to vacate that order of adoption, pursuant to 1401. With respect to that petition that was filed in the adoption case, there was a second motion to dismiss that was filed by Ms. Million indicating that that cause of action to set aside and vacate the order of adoption in the adoption case was barred under the doctrine of res judicata. The basis for the order that would bar the filing of the petition to vacate in the adoption case was the order entered by the family court with respect to my client's petition to establish a parent-child relationship. In effect, she's saying that order, which was entered in 2024, was a bar or barrier to him proceeding to vacate or set aside that order for adoption in the adoption case, which was finalized in 2023. After a response by my client to that motion to dismiss in a memorandum of law, that issue with respect to the motion to dismiss and the 1401 petition to vacate was taken under advisement by the judge and an order was issued on the pleadings. Pursuant to that judge's ruling, the judge held that we were barred by the doctrine of res judicata and as such, the motion to dismiss our petition to vacate was granted. Now, we believe that that was a reversible error, which prompted us to file the notice of appeal that brought the case before you guys here today. Now, with respect to the finding of res judicata, we do believe that that was improperly applied to the current situation. Now, the doctrine itself sets forth three prongs in which must be shown in order to be successful on a petition, on a motion to dismiss based on res judicata. Specifically, that there was a final judgment on the merits by a court of competent jurisdiction, that there's an identity of the cause of action, and that there's an identity of the parties or their privies. That procedure, those factors are set forth in the Redfern case, which we cited in our brief, and also in the River Park v. City of Highland Park case, which was decided by the Supreme Court. Now, with respect to those three prongs, we do not believe that Ms. Million was successful in alleging those facts before the judge in their motion to dismiss. We do not believe they met two of those prongs. Our brief is based on the idea that the cause of action that was rendered in the family case was about establishing the paternity for that child, that that was already decided by the order of adoption. However, the petition to vacate is a separate issue. That petition to vacate addresses whether or not the adoption court had standing and jurisdiction over the parties to move forward with an order for adoption. And our position is that is, in fact, not the case because my client was the biological father. He was known to be the biological father, and he was not provided with due notice and subsequently served with a copy of the pleadings with respect to that adoption proceeding. As I stated, the first time he became aware of it was in the motion to dismiss that was filed in the family court. A review of the file indicated that the petition for adoption, there were allegations made by Ms. Million in that petition that said that the father was unknown and his whereabouts were unknown. We believe that that was a fraudulent misstatement to the adoption court when she had, on good authority, a belief that my client was, in fact, the father of this child. Based on the differences and the nuances between what relief is requested in the 1401 petition to vacate and in the order that was entered by the family court, we believe that those are two separate and distinct factual situations. And the test that's been set forth by the Fourth District and by the Supreme Court is in respect to whether or not the evidence that is presented on one case would also sustain a finding in the second case. And it's our position that that's necessary for race judicata to bar the pleadings. We do not believe that that bears out in the evidence and the fact patterns between the two cases. The relief requested in the 1401 petition to vacate is entirely different than what was requested in the petition to establish a parent-child relationship. We are saying at the 1401 petition to vacate that my client is, in fact, entitled to be served with due process and that there's a standing and jurisdictional issue that has never been adjudicated by any trier of fact. The judge in the family case did not take that into consideration at all and that issue has never been presented to the judge in the adoption case. The validity of the adoption was never litigated in the paternity? That's correct. That is what our argument is. And based on there being two separate, distinct issues, we believe that the application of the race judicata by the judge in the adoption case with respect to our petition to vacate was improper. Paternity is a common issue between the two cases, isn't it? Because for you to go any further on challenging the adoption, you'd have to show paternity. That's correct, Your Honor. Paternity would be a commonality between the two cases. Our position is that issue of paternity is being looked at from two different angles. With respect to our petition to vacate, what we are asking for is an opportunity to be heard on that issue of paternity in the adoption case. We didn't get to that question at all because it was summarily dismissed on the grounds of race judicata, which I don't think is applicable and has never actually been adjudicated in the adoption case. So I do think there is a distinction there. It hasn't been adjudicated in any case, has it? Other than in the original adoption case, it didn't disestablish your client as the father. It just established that the father was unknown. That's correct. Yes. So the claim is that the petition to vacate was erroneously dismissed based on race judicata. If we were to agree with you, what would the hearing on the petition to vacate look like? What would the issues be? So I believe that the issues, if the court was to set aside that finding by the trial judge, we would request that there be evidentiary hearing regarding whether or not the grounds to vacate that petition occurred. I believe that that still would need to be decided. If there's a decision here to reverse that, we still have to go back to the adoption court and we still have to proceed forward. And if we're successful in having that order vacated, I think we go back to square one regarding the adoption. The court's still going to have the ability to make findings back to determine if there's any other issues that would prevent ultimately the adoption from occurring on other grounds. But the only person who can do that is the father. So don't you still have to establish paternity as a first step to pursue your 214-01? That's correct. I believe paternity would have to be adjudicated at some point or an admission or agreement between the parties as to who the father of the child is. That unfortunately at this point can't be done as there is a current bar to establish paternity with the adoption that we believe was fraudulently obtained or obtained under fraudulent circumstances. So we can't even move forward with that aspect of the case until that order for adoption is vacated. And we would agree that as things stand right now, that order for adoption prevents us from moving forward on that paternity issue. And thus far the mom hasn't claimed he isn't the father. She's only claimed abandonment. That's correct. So at this point, reviewing the briefs that have been filed, it's very interesting that there hasn't been an affirmative statement or avowal by the appellee in this case that my client is not the father to this child. The facts before the court are based on the allegations of my client. Because this is pursuant to a motion to dismiss, we do have to take those facts as alleged by my client to be true. And at this point he is alleging to be the father. So for purposes of reviewing and analyzing that, I do believe we have to take that as the facts, the record before us today. And with respect to the arguments that are raised in the appellee's brief import is also the fact that they did not deny that res judicata doesn't apply to this situation. Their arguments that are raised in that brief deal with two collateral issues that were actually not raised to the trial court, which we believe should not be allowed to be heard and moved forward on based on the prior Supreme Court precedent that says if those issues aren't raised at the trial level, that they can't subsequently be used as a basis for moving forward at the appellate level. My client has not had an opportunity to factually dispute the standing issue or the timeliness issue that's raised in the appellee's brief. So we believe that those arguments, which we anticipate that the appellee is going to argue before you today, are not a basis that would deny our prayer for relief here today because those issues should summarily not be allowed to move forward based on the fact that they've not been presented at the trial level. Even assuming, arguendo, that the court is inclined to hear the arguments about that, we do not believe that the standing issue applies specifically as set forth by the appellees as they are claiming that my client was under an obligation to register for the putative father registry in the state of Illinois. The case law that we've cited in our reply brief indicates that that's only necessary under limited circumstances. And there's been prior decisions by the Supreme Court that say we're going to read that specific statute as written and not read and go into other ancillary issues or analysis of that. We are going to look at how the statute is written, and as it's written, I do not believe, we do not believe that it is applicable to the current situation. In order for a father to have to register for the putative father registry, there has to be an existing adoption for the minor child or an anticipation that that child was going to be placed for adoption within the first month of the child's lifetime. Based on the fact pattern that we have alleged, that is not the situation that we have before us. The parties were carrying on in a relationship. My client believed he was the father and was acting as such for three to four months after the child was born. So based on that analysis and based on a strict reading of that statute, we do not believe it was applicable that would require my client to have to register for the putative father registry at that time. So we do not believe that there is a standing issue based on that argument. With respect to the timeliness issue that's also raised in the appellee's brief, we do not believe that that has merit as well. Our opinion and our analysis of the situation is that the affirmative action of making a dis, a improper or untruthful statement to the judge in the adoption case, saying that the father was unknown, their whereabouts were unknown, would effectively result in a fraud that was committed upon the court, which would toll any timeliness issues or timeliness questions that could have been raised or asserted by Ms. Million at the trial level. That being said, we also believe that the timeliness issue is, it should be looked at only if the court is under the impression that that is something that they can actually proceed forward with today. So we still do not believe that they should be allowed to because of the prior Supreme Court precedent that says that those issues were not raised at the trial court. My client has not had an opportunity to adequately factually plead or defend himself with respect to the timeliness issue. But we do not believe that that is an appropriate position and an appropriate analysis of the situation, despite that based on our position that there was a fraud that was committed. And I do believe that that fraud, at the very least, even assuming arguendo that Ms. Million did not know for a fact that my client was the father of the child, there is substantial or significant evidence that she had a good idea that he could have been. And I believe she would have to have some sort of due diligence and some sort of affirmative action that's taken to investigate that further. And all of this, quite frankly, could have been avoided if service of process was obtained by my client, who has been in contact with Ms. Million, has attempted to have contact with her for several years after the birth of their daughter. And they have also lived in the same town, had from time to time run into each other at the store. And he has maintained and kept his same telephone number, which she's had and had access to. So the avenues were available for Ms. Million to try and make contact with my client. She chose not to. So, again, we are here today asking that the court review our brief that has been on file, arguments presented here today, and hold that the application of the Doctrine of Race Judicata in the adoption case with respect to our 1401 petition to vacate was improperly applied and send it back for further hearing on that issue to the trial court. All right. Thank you, Mr. Phillips. You'll have time in rebuttal. Mr. Scherer, you may proceed. Thank you. Thank you. Thank you. The primary argument throughout this whole appeal is, and the 214-01 petition, was that they were entitled to notice. They claim that they were entitled to participate in the proceedings. Section 7 of the Adoption Act deals with process in adoption cases. At the very end of Section 7, the legislature made clear that the sole purpose of notice is to allow the recipient to present evidence to the court relevant to whether the consent or surrender of the person to the adoption is required pursuant to Section 8. Section 8 of the Adoption Act identifies when consents and surrenders are required in an adoption proceeding. Paragraph A3 provides that consent or surrender is not required for someone who has waived their parental rights pursuant to Section 12.1. Section 12.1, paragraph G, that we outlined in our brief, indicates that a putative father who fails to register with the putative father registry is barred from thereafter bringing or maintaining any action to assert any interest in the child. It goes on to state that a lack of knowledge of the pregnancy or birth is not an acceptable reason for failure to register. What about subsection, I think it would be 1B7 of Section 8, which says timely registration does give a right to notice and consent. It also gives other situations that give rise to the right of the father to notice or to give consent, meaning his consent is required. Given that, how do we view the putative father registry as the only way that he could earn the right to notice? Well, first of all, this Court's review is de novo, and their verified petition, I think, contains all the facts that this Court needs to determine the ultimate result in this case. Well, it's de novo review of a motion that the trial court was required to accept as true everything in the petition, and that we would be required to listen. It's true. Right, and the petition alleged that the appellant was on notice in June of 2017 before the child was born in September of 2017. And there's no indication in their petition that there was any action, any activity, any efforts to formalize his relationship. No voluntary acknowledgment of paternity, no parentage action, no registration with the putative father registry. What about subsection V or V? In the case of a child placed with adoptive parents more than six months after birth, substantial and continuous repeated contact with the child is manifested by a couple of different things. Right. So I guess what I'm still getting at is, without regard to the facts in this case, you seem to be construing registry with the putative father registry as being an absolute. Unless we have that, he's not going to get notice. But the statute gives other situations that earn a father a right to notice. Right, but the petition also alleged that none of those elements were met in this case either. Which petition? The 214-01 petition, the one with the supporting memorandum. He alleged that these were not met? Well, the facts they allege speak for themselves. He indicated that it had been years that there had been any contact. There was no allegations as to sending birthday cards or Christmas presents or anything like that. He indicated that communication ceased, contact ceased in 2018. We understand that. Efforts were not pursued after. A 214-01 petition is analogous to a civil complaint, and we don't just decide complaints, right? Those just frame the issues for trial where both sides put on evidence. Your suggestion is that the trial court and we can resolve a 214-01 petition based on the pleadings. In this case, yes. There are sufficient facts that have been pled to show that no amount of amendment, no amount of discovery is going to change the facts that they've pled. And based on the facts that they've pled, they cannot pursue the 214-01 petition. First of all, because it's untimely. But secondly, the heart of the issue is whether he was entitled to notice. Should he have been served summons? On what basis? On what basis should he have been served summons? He's indicated that, well, she should have known. He might have been the father. Okay, let's just take this to its logical conclusion. We go through all this, we go back to trial court, and we get DNA testing like they requested in their parentage case, and he comes back with, you know, very, very small probability of being the father. So why would we put this family through that? Why would we put a nine-year-old girl through that? Because we don't know what those tests show. Why would we not put the family through it? Because in the petitioner's adoption petition, they, as among other things, abandon them. The 214-01 petition, if I recall it, Only the father can abandon. I mean, that's contradictory. Right? Abandonment presumes some paternal relationship.  So if he were, for the sake of argument, actually the father, and he had no contact for years leading up to this, and he waits a year and a half until after the adoption is over with for some reason to initiate a parentage petition, how is that not abandonment? Is that a matter to decide on the pleadings? In this case, I think the pleadings are adequate for that to be decided. Do you dispute the question of whether it was proper to dismiss on the basis of res judicata? Honestly, I've got difficulty understanding how res judicata would apply. I think it might be a different way for the trial court to say that he couldn't attack the adoption order because he did not establish parentage before the adoption order was entered, and because he didn't establish parentage before the adoption order was entered, he was therefore not entitled to notice. That's the best I can come up with. But otherwise, I mean, the argument that they made in their opening brief about how it's circular logic, I tend to agree with that. Did you specify in the motion to dismiss that it was being brought pursuant to 2615 versus 2619? I don't think that was specified. I wasn't involved at the trial level, though. My recollection is that the judge talked to that. In response to Justice Norody's questions, that no matter the basis for trial courts granting the motion to dismiss, the petition, the 21401 petition could not be remedied by way of amendment? Correct. Was that argued before the trial court? I don't believe it was. Ordinarily, if a dismissal is based upon the inadequacy of the pleadings, ordinarily wouldn't the trial court give the litigant, the plaintiff, the petitioner an opportunity to replay? That frequently does occur, yes. But that wasn't done here? No, the record does not show that. Thank you. Thank you. As to the appellant's argument about it being improper for this court to consider whether to affirm on any basis, appearing from the record, both of the cases that they cited, Daniels and Hodrick, those were following trial or an evidentiary hearing, from the best I could tell from reading those cases. So it's obviously different here. There was no evidentiary hearing. The motions were filed. The decisions were made based on the pleadings. Applying those cases to this situation, they would apply if, for example, the appellant were here today arguing that, no, in fact, he had registered with the Puget Father Registry and, therefore, it was inappropriate for the trial court to dismiss. That's how those lines of cases they cited would apply. As far as the alleged fraud on the part of my client, I refer the court again to the petition of KJR, the case that was cited in our brief. There the father failed to register because the mother affirmatively misrepresented that somebody else was the actual father. He didn't take any action to participate in the child's life and, thereafter, tried to vacate the adoption proceeding. The appellate court in that case held that that was no excuse, that he had sufficient knowledge to take some affirmative steps, take action to preserve his rights, and be entitled to notice of a potential adoption proceeding. He had failed to do that, and that's the whole point of the way the Adoption Act is written. But in this case, didn't that mom prevent him from having access to the child in light of the felony charges? That's initially what stopped the contact, am I correct? Absolutely alleged, yes. And that was in the pleadings? That was in the pleadings. But they didn't explain why there was absolutely no contact thereafter. They've indicated that they would run into each other in public and at the store. Why wait another eight years before filing a parentage petition, which is a year and a half after the adoption occurred? But he didn't know about the adoption because she didn't give him notice, and she knew where he lived. He's not the father. Well, she held him out as the father when the child was first born until she quit letting him see the child, correct? That's the allegation. And that's important. At this stage, we have to accept the truth of the allegations, correct? Correct. But by the same token, a 214-01 petition allows for matters not of record to be brought in in the form of affidavit, et cetera. It was incumbent upon the appellant to present sufficient information to make a case for their claim to be sustained, that the adoption judgment should be vacated. And as you indicated, there are a variety of ways for them to do that. All they've alleged is fraud and that they were entitled to notice. They haven't alleged anything to suggest that, you know, he has been established to be the father, he was entitled to notice, et cetera, et cetera. That's why I'm saying that there's sufficient information in the verified pleadings in the record for this court to affirm the trial court and its dismissal on a different basis, and those bases are outlined in our group. But that would essentially put an appellant in the position of not having had the opportunity, under your theory here, to plead an adequate case. He had eight years of opportunity that he didn't avail himself of. But under the appellant's argument, and my client is here, I certainly don't want to imply anything about her relationship history or behavior, but if there was a situation where there were multiple partners around a given time of the child's conception, under appellant's theory, that every potential person that was involved with the biological mother would necessarily need to be served with summons, identified, and for lack of a better term, it would be turning the trial court into a Jerry Springer episode where we're trying to figure out who the father is in an adoption case. So multiple people would be inconvenienced unnecessarily just to rule out the possibility of them being the father and foreclose their arguments that they are the father when none of them have taken any action to pursue their rights or potential rights as the father. Although in this case, the allegations, again accepting them as true as we have to at this point, are that she allowed time with the child and she accepted child support. Those are the allegations. I don't think that the term child support was actually used. I think there were some vague allegations. Financial support. Gave her money one or two times perhaps, but yes, I agree. Under the standard review, based on dismissal. That's not the situation you're describing of trying to decide which stranger. That would seem to support the inference of something more than possibility in terms of the mom's mind. True. I believe I've covered all the points I hope to cover this afternoon. I'd be happy to answer any additional questions you might have. I don't see any other questions. Thank you. Thank you. Mr. Phillips, your final argument. May it please the court, opposing counsel. Your Honor, with respect to the arguments made by the appellee in this case, I believe that the court has correctly identified the basis on which we need to be looking and evaluating this situation. This is here on a motion to dismiss based on the fact that it is a motion to dismiss regardless if it's a 2615 or 2619. The facts as alleged by my client have to be taken as true, and that's the position we would ask that the court evaluate this situation from. We have a situation. Are those facts as alleged sufficient to establish or arguably establish your client's right to notice under Section 8? We believe so, Your Honor. Based on the fact that we are alleging that he is the biological father and assuming that that fact is true and the fact that Ms. Millian knew that he was the biological father or had a strong suspicion that he would be the biological father, that would entitle him to notice regarding any sort of adoption proceeding. So, again, the argument whether or not she knew that or not, those are factual allegations. That's for the trier of fact to figure out. We didn't even get to that point because it was dismissed summarily on the grounds of race judicata, which we believe was inappropriate. And as I said in my initial argument, there may be additional grounds that the trial court would have to evaluate on this situation with respect to the adoption, but we don't get there unless we have this set aside and allow us an opportunity to make those arguments. So with respect to the standing issue and the timeliness issue, I believe those are factual situations that are the underlying elements to determine if that's an issue or not. That needs to be litigated at the trial level, not here before the court on appeal. So we are requesting that that petition to vacate the, excuse me, we're asking that the motion to dismiss, the petition to vacate be set aside to allow us to move forward and have that issue at the trial level decided. If there are subsequent issues that they would like to raise at that time or evidence they want to put on to rebut that, the appropriate time to do that is in front of the trial court. The fact that it's trying to be hashed out here on appeal based on the pleadings I don't think is appropriate. Again, my client has not been afforded the opportunity to argue those things and the facts that would support deviating from what may be a statutory provision that would work against him. But there are cases that we have cited that told the timeliness issues of 1401. Those are factual issues that the court would have to decide on. There's issues regarding whether or not he would be required to register as a putative father. Those are factual issues which we believe would also need to be litigated at the trial level. The issue with respect to the communication and the lack of involvement, as we've alleged, that continued on efforts of my client 2020, 2021, 2022. All that is alleged in our petition, but the cause of that not being reciprocated was based on Ms. Millian refusing to allow my client to be involved based on the criminal charges that were filed against him in Adams County. It's been a steady reply of no or no reply at all since that time that we put forth in our petition that has resulted in him not being able to do those things that a father would be expected to do. But again, we believe those are factual issues that should be addressed by the trier of fact. So at this point, Your Honor, I would close by asking that the court review the situation with respect to being an alighting most favorable to my client based on the allegations that he's presented and his pleadings. We would request that the court go and set aside the finding of the judge that race judicata applied to this situation and allow us to go back and have the hearing on the 1401 petition to vacate. Thank you. Any other questions? I don't see any questions. Thank you. Thank you for your arguments. The court will take the case under advisement and will issue a written decision.